METROPOLITAN LIFE INSURANCE CO., Respondent, v. FRICK, et al, Appellants.

(245 N. W. 921.)

(File No. 7223. Opinion filed December 13, 1932.)

*Theodore R. Johnson,* of Sioux Falls, for Appellants.
*Fiske & Morris,* of Sioux Falls, for Respondent.

ROBERTS, J.   Plaintiff instituted this action to foreclose a mortgage executed by Olive M. Frick and Jacob O. Frick, individually, and by Olive M. Frick, as guardian for Bertha F. Schab and Mary F. Schab.  A subsequent mortgage for $4,500 was also executed by these mortgagors to one E. S. Reddin, as guardian of the person and estate of Fred Fetter.  Reddin, as guardian, instituted an action to foreclose the mortgage, and from judgment of foreclosure and order denying a new trial an appeal to this court was taken by the defendants in that action.  The opinion in that case, Reddin v. Frick et al., is reported in 54 S. D. 277, 223 N. W. 50, to which reference is made for a statement of the facts, issues involved, and holdings of this court.

The action at bar was instituted prior to the decision on appeal in the Reddin Case.  Thereafter the plaintiff herein amended its complaint and sought relief by foreclosure of the mortgage against the one-third interest of Olive M. Frick and by way of subrogation against the interest of the minor wards in a portion of the land described in the complaint.  The right of subrogation is founded upon the payment out of the proceeds of the loan secured by plaintiff's mortgage of existing liens against the land.  The court entered judgment against the defendants Fricks for the entire indebtedness amounting to $19,429.76.  The judgment directs that the one-third interest of the defendant Olive M. Frick in the prem-

ises be sold separately for the satisfaction of the indebtedness; that plaintiff be subrogated to a mortgage of $2,000 dated September 14, 1914, executed by Olive M. Frick, individually and as guardian, and also. to a mortgage dated May 1, 1906, executed by Otto Schab in the sum of $1,700, and that the sum of $8,961.31, the amount of two mortgages together with interest, be satisfied by a sale separately of the two-thirds interest of the wards.

The trial court upon the application of the attorneys for the defendants entered an order amending its decision and judgment. The court in its order recites that the application thus made was to have a certain tax deed, describing it, "stand cancelled of record in the event that the plaintiff's decree of foreclosure of the mortgage in controversy in this action shall become final," and the decision and judgment were amended accordingly.

The defendant Olive M. Frick, as guardian, executed the mortgage in question pursuant to an order of the county court of McCook county. This order also authorized the guardian to execute the mortgage for $4,500, which was before this court in the case of Reddin v. Frick, supra. The validity of this order was in issue and was held void for the reason that the judgment roll showed on its face that the guardian desired to mortgage the interest of the minors in the real estate to pay personal debts of herself and husband.

The mortgage of $2,000 referred to, and to which plaintiff was subrogated by the terms of the judgment, was executed by defendant Olive M. Frick, individually and also as guardian, pursuant to an order of the county court of McCook county dated September 14, 1914. The petition of the guardian upon which such order was granted states "that order to show cause on application of guardian for order to mortgage real estate is hereby expressly waived." The order recites that the "guardian * * waived the requirements of statute in such cases provided of the time for the hearing of said petition and of notice of such hearing by publication as by law required, and asked in the said petition, which was signed by the said guardian and the mother of the said minors, be heard at once and without further hearing. * * *" The mortgage referred to was given to secure a loan used for the purpose of paying off an existing mortgage executed by Otto Schab for an equal amount.

The appellants contend, first, that the court erred in entering the order amending the judgment for the reason that the same is interlocutory and not final; second, that the court erred in not finding that the mortgage for the foreclosure of which the action was instituted was void as to the guardian and minors; third, that the order of the county court authorizing the execution of the mortgage for $2,000 is void, and consequently plaintiff was not entitled to subrogation under such mortgage; and, fourth, that the court erred in granting to the respondent an equitable lien in the sum of $100 for taxes paid on a portion of the mortgaged premises for the reason that it does not place any portion thereof on the mother's interest in the land.

██ ██ With reference to the first contention, the appellants are correct in their assertion that, so long as the relation of mortgagor and mortgagee exists, the latter cannot, as against the former, acquire title to property by means of a tax deed. First National Bank v. McCarthy, 18 S. D. 218, 100 N. W. 14. The defendants upon their application to have the judgment amended did not ask for an unconditional cancellation of the deed. The court granted the relief requested by the defendants and they are not in a position on this appeal to claim error on the part of the court in granting their application.

██ We are of the view that there is no merit in appellants' contention that the judgment should be reversed for the reason that the court failed to expressly find that, as to the minors, the mortgage was void. This is fairly assumed from the findings and conclusions of the court. The court did not award a judgment of foreclosure of this mortgage upon the two-thirds interest of the minors. The court found that a portion of the loan procured by the execution and delivery of the mortgage in question was used to pay off and secure the satisfaction of two existing mortgages and found and decreed that the plaintiff was for that reason entitled to subrogation.

The appellants attack the validity of the order of the county court authorizing the guardian to execute the mortgage for $2,000, and urge that, by reason of such invalidity, the respondent was not entitled to be subrogated to the extent of such mortgage. It is claimed that the county court did not have jurisdiction to enter

the order authorizing the guardian to execute the mortgage, having given no notice by publication of hearing upon the petition of the guardian. Section 409 of the Probate Code of 1903 (section 3548, Rev. Code 1919), which was the statutory authority for the proceeding to mortgage the real estate of a ward, provided as follows: "Before any mortgage shall be made, the guardian shall petition the county court for an order authorizing such mortgage to be made in which petition shall be set forth the condition of the estate and the facts and circumstances on which the petition is founded, and a description of the premises sought to be mortgaged. Whenever any such petition is filed in any county court of this state it shall be the duty of such court or the judge thereof to fix a time for hearing such petition not less than four or more than seven weeks from the time of filing such petition and to cause notice of such hearing to be given by publication of a notice thereof in some newspaper published in the county in which the petition is filed at least once a week for three successive weeks prior to such hearing and upon hearing such petition if the court or judge shall find that the facts set forth in such petition are true and that the interests of the ward and of the estate require the mortgage to be made the court or judge may make an order authorizing such mortgage to be given."

The order recites as above stated that the guardian and the mother of the minors waived the requirements of statute for hearing of the petition and for notice of hearing by publication. Section 344 of the Probate Code of 1903 (section 3198, Rev. Code 1919) provided that a guardian may "waive any process, notice or order to show cause which an adult or a person of sound mind might waive." As to whether the county court could hear and act upon the guardian's petition without publication of notice we need not determine. In the case of Reddin v. Frick, supra, it is held that a judgment or decree is void, and subject to collateral attack: First, when the court is without jurisdiction over the parties; second, whenever the court is without jurisdiction over the subject-matter; and, third, whenever the court is without judicial power to render the particular judgment. The county court, it is conceded, had jurisdiction over the parties and also over the subject-matter. But appellants urge that jurisdiction also consists in the

power to hear and determine. It was held in the Reddin Case that the county court did not have authority to grant the relief requested in the petition and consequently did not acquire jurisdiction. The facts in the instant case are distinguishable. The petitioners alleged the existence of a mortgage and requested authorization to mortgage the premises for the purpose of paying off this existing mortgage. If there was irregularity in the proceedings, it was reviewable upon appeal, but the county court had jurisdiction to hear and determine a petition to mortgage the real estate for the purpose of paying a valid and existing mortgage and the order was not subject to collateral attack in the instant case. Roth v. Union National Bank, 58 Okl. 604, 160 P. 505.

█ The remaining issue has to do with the payment of a tax of $100 on lot one of the southwest quarter of section 24. The one-third interest of defendant Olive M. Frick in this tract was included in the mortgage given to plaintiff's assignor and for the foreclosure of which this action was instituted. The mortgages to which the plaintiff was subrogated did not include this fractional tract. The trial court in the modified judgment directed that, by virtue of such tax payment, the plaintiff had an equitable lien against the two-thirds interest of the minors in such tract and further decreed that the plaintiff be subrogated to the full extent of the tax payment against the interest of the minors. No portion of the tax payment was decreed to be a lien against the one-third interest of the mother. The taxes were not voluntarily paid, but were paid by the mortgagee to protect its security, and the payment was beneficial to the title holders of the land. However, the estate of the minors was chargeable only for a proportionate share of the taxes paid by the mortgagee of a cotenant, and was not liable to reimburse the plaintiff for the entire amount.

█ The amended complaint is for the foreclosure of the mortgage on the one-third interest of defendant Olive M. Frick and for the foreclosure of the equitable lien arising by reason of subrogation on the two-thirds interest of the minors in the southest quarter of section 24. The amount of taxes paid for the benefit of the minors upon their interest in the fractional lot was disconnected from the mortgage lien, and was not upon property included within the mortgages to which plaintiff was subrogated. Judg-

ment for foreclosure of a lien arising from the payment of the taxes in question was not warranted by the pleadings. The judgment is therefore modified by striking out the portion decreeing that plaintiff has an equitable lien against the interest of the minors in lot one of the southwest quarter of section 24 and that sale of such interest may be had to staisfy the lien; in other respects the judgment and order are affirmed, without costs in this court.

CAMPBELL, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.